J-A28008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CATHERINE RANDALL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ADELBERG RUDOW DORF & HENDLER, LLC., DAVID APPLEFELD, ESQUIRE, GEOFFREY WASHINGTON, ESQUIRE, MARC NOREN, ESQUIRE, ANDREW RADDING, ESQUIRE, CAROL COOPER, ESQUIRE, WINSTON GRESOV, MARION BESS PARMERTER, AND FREDERICK GRESOV | |
| Appellees | No. 836 EDA 2015 |

Appeal from the Order January 7, 2015
In the Court of Common Pleas of Delaware County
Civil Division at No(s): October Term 2013, No. 13-10112

BEFORE:  GANTMAN, P.J., PANELLA, J., and SHOGAN, J.

JUDGMENT ORDER BY GANTMAN, P.J.:        **FILED DECEMBER 10, 2015**

Appellant, Catherine Randall, appeals from the order entered in the Delaware County Court of Common Pleas, which granted judgment on the pleadings in favor of Appellees Winston Gresov and Marion Bess Parmerter. On October 11, 2013, Appellant filed a complaint in Pennsylvania for wrongful use of civil proceedings and abuse of process against Adelberg Rudow Dorf & Hendler, LLC and the above-captioned attorneys (collectively, "Law Firm Appellees"), Winston Gresov (Appellant's ex-husband), Marion Bess Parmerter (Winston Gresov's domestic partner), and Frederick Gresov

(Appellant's son).  Appellant claimed, *inter alia*, Frederick Gresov had sued her in Maryland in 2011, at the insistence of his father (Winston Gresov) and Ms. Parmerter, for alleged mismanagement of his college tuition account, in order to coerce Appellant into settling other outstanding child support matters.  Appellant prevailed in the Maryland action.  In the Pennsylvania action, Appellant sued Law Firm Appellees because they represented her son in the Maryland action, as well as Winston Gresov and Ms. Parmerter, who had compensated the firm for those services.  Appellant served all named defendants except her son.[1]  Law Firm Appellees filed preliminary objections on March 26, 2014, for lack of personal jurisdiction.  Following discovery, the court sustained Law Firm Appellees' preliminary objections on December 8, 2014, and dismissed them from the case.  Winston Gresov and Ms. Parmerter filed a motion for judgment on the pleadings on December 11, 2014.  The court granted the motion on January 7, 2015, which ended Appellant's case against those defendants.  On February 2, 2015, Appellant unilaterally filed a *praecipe* to discontinue her case against Frederick Gresov. Appellant filed a notice of appeal on March 4, 2015.  On March 17, 2015, the court ordered a Pa.R.A.P. 1925(b) statement, which Appellant timely filed on April 6, 2015.  On April 7, 2015, Law Firm Appellees filed a motion to quash

_____

[1] Appellant subsequently filed a motion to make alternative service on Frederick Gresov, per Pa.R.C.P. 430.  The court granted Appellant's motion, but she did not attempt alternative service.

the appeal as untimely (late), which they renewed before the merits panel.

Generally, a notice of appeal shall be filed within 30 days after entry of the final order from which the appeal is taken. Pa.R.A.P. 903(a). A final order is one that disposes of all claims and parties, is expressly defined as final by statute, or is entered as final per the trial court's determination. Pa.R.A.P. 341(b). Additionally, not every name in the caption of a complaint is necessarily a "party" to the action; parties to the action are those named in the record **and who are served with process or enter an appearance**. *Hill v. Ofalt*, 85 A.3d 540, 546 n.5 (Pa.Super. 2014) (holding third defendant named in complaint did not become "party to the action," where appellant failed to serve original process on that defendant and no attorney entered appearance on that defendant's behalf; order sustaining preliminary objections and dismissing complaint against two remaining defendants constituted final appealable order because it disposed of all claims against only "parties to the action"). Instantly, Appellant admits she failed to serve Frederick Gresov with the initial complaint or any subsequent filings. As well, no attorney has entered an appearance on Frederick Gresov's behalf. Thus, Appellant's son was not a "party to the action." *See id.*

The January 7, 2015 order granting judgment on the pleadings in favor of Appellees Winston Gresov and Ms. Parmerter constituted the final order in this case, as it disposed of all claims against the only remaining

"parties to the action." *Id.* Appellant did not appeal until March 4, 2015, beyond 30 days of entry of the final order. Accordingly, we dismiss this appeal as untimely.[2] *See* Pa.R.A.P. 903(a).

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2015

---

[2] Law Firm Appellees' motion to quash is based on the lateness and, therefore, untimeliness of Appellant's notice of appeal. Due to our disposition, we deny the motion as moot.